# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| URBAN OIL & GAS GROUP, LLC, URBAN FUND III, LP, and URBAN OIL & GAS PARTNERS C-1, LP, *Plaintiffs*, | § | |
| v. | § | Civil Action No. 4:25-cv-1181<br>Judge Mazzant |
| CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, SUBSCRIBING TO POLICY NO. B0702GL314250, *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Certain Underwriters at Lloyd's of London, Subscribing to Policy No. B0702GL314250's Rule 12(b)(6) Motion to Dismiss (the "Motion") (Dkt. #7). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **GRANTED in part** and **DENIED in part**.

## BACKGROUND

This case arises out of an insurance contract dispute. On October 28, 2025, Plaintiffs Urban Oil and Gas Group, LLC, Urban Fund III, LP and Urban Oil and Gas Partners C-1, LP (collectively, "Plaintiffs" or "Urban Oil") filed this action against Defendant Certain Underwriters at Lloyd's of London, Subscribing to Policy No. B0702GL314250 ("Defendant" or "Underwriters") alleging that Defendant has failed and refused to honor its obligations under environmental policies issued to Plaintiffs (Dkt. #1 at p. 1). Plaintiffs assert five separate causes of action against Defendant in their Complaint: (1) declaratory relief (Count I); (2) breach of contract (Count II); (3) breach of the duty of good faith and fair dealing (Count III); (4) violations of Chapter 541 of the Texas

Insurance Code (Count IV); and (5) violations of Chapter 542 of the Texas Insurance Code (Count IV) (Dkt. #1 at ¶¶ 27–52).

There are two insurance policies at issue in this case. The first was a claims-made environmental legal liability policy, issued by Mosaic Syndicate Services Limited, as the underwriting representative of Defendant, to Plaintiffs for the period of December 9, 2022, to December 9, 2023 (Dkt. #1 at ¶ 7). The second policy issued to Plaintiffs acted as a renewal of the first policy, and covered the period from December 9, 2023, to December 9, 2024 (Dkt. #1 at ¶ 7).[1] The material provisions of the Policies are practically identical. Several provisions of the Policies are particularly relevant to this dispute. First, the Underwriters agreed to pay Damages and Clean-Up Costs that Urban Oil becomes liable to pay as a result of a Claim (Dkt. #7-1 at p. 28; Dkt. #7-2 at p. 30). Underwriters further agreed to pay Defense Costs incurred in connection with a Claim resulting from a Pollution Incident (Dkt. #7-1 at p. 28; Dkt. #7-2 at p. 30). Second, the Policies contain the following condition precedent to coverage: "The Insurer will pay Loss covered by this Policy in excess of the applicable Each Pollution Incident Self-Insured Retention . . . specified in Item 5 of the Declarations . . . . The Insured shall be responsible for payment of the Each Pollution Incident SIR, which is not to be insured. Under no circumstance shall the Insurer be liable to pay any amount within the Each Pollution Incident SIR" (Dkt. #7-1 at p. 45; Dkt. #7-2 at p. 47). Item 5 of the Declarations of both Policies lists an each pollution incident self-insured retention of $250,000 (Dkt. #7-1 at p. 24; Dkt. #7-2 at p. 26). Lastly, the Policies contain a choice-of-law provision, which provides: "Any disputes involving this Policy shall be resolved applying the law designated in Item 9 of the Declarations" (Dkt. #7-1 at p. 53; Dkt. #7-2

[1] The Court will refer to these two policies collectively as the "Mosaic Policies" or the "Policies."

at p. 54). Item 9 of the Declarations of both Policies lists the "State of New York" as the applicable choice of law (Dkt. #7-1 at p. 25; Dkt. #7-2 at p. 27)

On December 23, 2025, Defendant filed the instant motion to dismiss alleging two separate grounds for dismissal pursuant to Federal Rule Civil Procedure 12(b)(6) (Dkt. #7). Specifically, Defendant argues (1) Plaintiffs action should be dismissed in its entirety because Plaintiffs have failed to allege satisfaction of all conditions precedent, including that they have paid all applicable self-insured retentions, to Defendant's obligations under the Policies, and (2) Plaintiffs' first, third, fourth, and fifth causes of action should also be dismissed because the Policies choice of law provision requires the application of New York law to all disputes involving the Policies, which would require dismissal of these causes of action (Dkt. #7 at p. 7). On January 13, 2026, Plaintiffs filed their Response, opposing each of Defendant's purported bases for dismissal (Dkt. #10). On January 20, 2026, Defendant filed its Reply in Support of its motion to dismiss (Dkt. #11). The Motion is now ripe for adjudication.

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City*

*of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co.*, LLC, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Defendant moves to dismiss Plaintiffs' Complaint on two separates theories; the first procedural, and the second substantive. Procedurally, Defendant moves to dismiss Plaintiffs' Complaint in its entirety because it fails to comply with the pleading requirements of the Federal Rules of Civil Procedure (Dkt. #7 at p. 7). Substantively, Defendant also argues that the Policies' choice-of-law provision requires application of New York law to this entire dispute, which would require dismissal of Plaintiffs' first (declaratory relief), third (breach of the duty of good faith and fair dealing), fourth (violations of Chapter 541 of the Texas Insurance Code), and fifth (violations of Chapter 542 of the Texas Insurance Code) causes of action (Dkt. #7 at p. 7). The Court addresses each argument in turn.

Before turning to the parties' respective arguments, there is an important threshold issue that the Court must address. That is, what law applies to the various issues raised in Defendant's motion to dismiss. Because all claims in this matter are state law claims, the Court's jurisdiction is based on diversity. 28 U.S.C. § 1332. While federal courts apply state law to a substantive issue or claim which has its source in state law, federal law, rather than state law, invariably governs procedural matters in federal courts. *See Herbert v. Wal-Mart Stores, Inc.*, 911 F.2d 1044, 1047 (5th Cir. 1990) ("The *Erie* doctrine requires federal courts to apply substantive state law when adjudicating state law claims. Procedural matters, however, are governed by federal law."). Where, as here, a federal procedural law squarely governs a purely procedural matter—such as pleading standards under Federal Rules of Civil Procedure 8, 9, and 12—federal law governs. *See Hanna v. Plumer*, 380 U.S. 460, 471 (1965); *Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 n.4 (5th Cir. 1994). Accordingly, because the first issue in Defendant's motion to dismiss is purely

procedural, the Court need not conduct a choice of law analysis to address this issue. *See Berry v. Indianapolis Life Ins. Co.*, No. 3:08-CV-0248-B, 2010 WL 3422873, at *15 n.12 (N.D. Tex. Aug. 26, 2010) ("[Defendant] limits its motion to the . . . [p]laintiffs' failure to satisfy the particularity requirements of Rule 9(b). Accordingly, as federal law pertaining to pleading requirements controls, the [c]ourt need not undertake a choice of law analysis at this juncture."). However, if Defendant's procedural argument fails, a choice of law analysis will be required to resolve Defendant's other argument because the survivability of Plaintiffs' first, third, fourth, and fifth causes of action turns on which state law applies. *See Flagship Credit Corp. v. Indian Harbor Ins. Co.*, 481 F. App'x 907, 910 (5th Cir. 2012) ("[C]ourts only undertake a choice-of-law analysis if there is a conflict of law that actually effects the outcome of an issue.").

## I. Whether Plaintiffs Have Failed to Plausibly Allege Satisfaction of All Conditions Precedent in the Policies

Defendant argues that Plaintiffs' Complaint should be dismissed in its entirety because it fails to satisfy the minimum pleading requirements of the Federal Rules of Civil Procedure (Dkt. #7 at p. 17). Defendant contends that Plaintiffs have not alleged any factual allegations that would support their conclusory allegations that all conditions precedent have been satisfied, including satisfaction of the Policies' self-insured retentions for each of the lawsuits and claims at issue (Dkt. #7 at p. 19). Plaintiffs argue in response that their Complaint sufficiently alleges satisfaction of all conditions precedent, including the Policies' self-insured retentions, because Rule 9(c) expressly permits these to be pleaded generally (Dkt. #10 at p. 19). The Court agrees with Plaintiffs.

Although the substantive merits of any contract claim are governed by state substantive law, any pleading requirements are governed by federal law, which controls procedural matters in diversity action. *See Tuyo Holdings, LLC v. Equitable Fin. Life Ins. Co.*, No. SA-24-CV-00850-JKP,

2026 WL 1329911, at *4 (W.D. Tex. May 13, 2026) ("[E]ven though state law controls the merits of a cause of action, federal pleading standards apply to determine the sufficiency of a breach of contract cause of action."); *Ironshore Eur. DAC v. Schiff Hardin, LLP*, 284 F. Supp. 3d 845, 849 (E.D. Tex. 2018) ("[R]egardless of whether state law controls question of substantive law or contract interpretation, 'federal courts sitting in diversity apply federal procedural law.'" (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996)). Federal Rule of Civil Procedure 9(c) governs the pleading requirement for conditions precedent. Rule 9(c) provides that "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." FED. R. CIV. P. 9(c); *see also EEOC v. Klinger Elec. Corp.*, 636 F.2d 104, 106 (5th Cir. 1981) (per curiam) ("A general averment that 'all conditions precedent to the institution of this lawsuit have been fulfilled' is quite adequate for pleading purposes.").

In the instant case, Plaintiffs' Complaint alleges that "Urban Oil timely notified Underwriters of its claims pursuant to Section 17.505 of the Texas Business and Commerce Code, the Texas Deceptive Trade Practices Act (the "DTPA"), and Chapter 541 and 542 of the Texas Insurance Code. As such, Urban Oil has complied with all conditions precedent to the filing of the above-referenced and styled lawsuit" (Dkt. #1 at ¶ 26). The Complaint also alleges more generally that "Urban Oil has fully performed and/or tendered performance under the Mosaic Policies including all conditions precedent to bringing its claims" (Dkt. #1 at ¶ 34). This is all that Federal Rule of Civil Procedure 9(c) requires. *See Equal Emp. Opportunity Comm'n v. Vantage Energy Servs., Inc.*, 954 F.3d 749, 753 n.4 (5th Cir. 2020) ("These facts, however, are conditions precedent to suit governed by Rule 9(c), which, as noted above, could be and were generally plead."); *Carr Enters. v.*

*Acadia Ins. Co.*, No. 6:21-CV-00129, 2022 WL 965031, at *2 (E.D. Tex. Mar. 30, 2022) ("Plaintiff alleges that it *met* all conditions precedent. That general allegation suffices [under Rule 9(c)].").

Therefore, the Court finds that Plaintiffs have sufficiently pleaded satisfaction of their conditions precedent to the suit under Rule 12(b)(6). Accordingly, Defendant's motion to dismiss Plaintiffs' Complaint in its entirety is denied.

## II. Whether Plaintiffs' First, Third, Fourth, and Fifth Causes of Action Should be Dismissed

### A. Conflicts of Laws Analysis

Before turning to the merits of this argument, the Court must determine whether New York or Texas law applies. In its motion, Defendant argues that New York law applies to this matter because the Policies include a broad and enforceable New York choice of law provision (Dkt. #7 at p. 12). The Policies choice of law provision states: "Any disputes involving this Policy shall be resolved applying the law designated in Item 9 of the Declarations" (Dkt. #7-1 at p. 53; Dkt. #7-2 at p. 54). Item 9 of both Policies lists the "State of New York" as the applicable choice of law (Dkt. #7-1 at p. 25; Dkt. #7-2 at p. 27). In their response, Plaintiffs do not dispute the existence of the choice of law provision (*See* Dkt. #10 at pp. 10–15). Instead, Plaintiffs argue that Article 21.42 of the Texas Insurance Code and the Restatement (Second) of Conflicts of Law § 6 requires the application of Texas law despite the choice of law provision (Dkt. #10 at p. 14).

In diversity cases such as this one, federal courts must apply the choice of law rules in the forum state in which it sits. *Barnett v. DynCorp Int'l, LLC*, 831 F.3d 296, 301–02 (5th Cir. 2016); *Weber v. PACT XPP Tech., AG*, 811 F.3d 758, 770–71 (5th Cir. 2016). Because this Court sits in Texas, it applies Texas choice-of-law rules. The first step in a choice of law analysis is to determine whether the potentially applicable laws conflict. *Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 722 (5th

Cir. 2010). If no conflict exists, the Court need not conduct a choice of law analysis. *See Schneider Nat'l Transp. v. Ford Motor Co.*, 280 F.3d 532, 536 (5th Cir. 2002) ("If the laws of the states do not conflict, then no choice-of-law analysis is necessary."). When there is a conflict, and in the absence of a contractual choice of law provision or relevant statutory directive, Texas applies the "most significant relationship test" set forth in the Restatement (Second) of Conflicts of Laws to determine the applicable law. *Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 403 (5th Cir. 2004) (citing *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 420–21 (Tex. 1984)). The party advocating the application of a foreign state's law to a particular issue has the burden of establishing a conflict between the laws of the forum state and the foreign state. *Playboy Enters., Inc. v. Sanchez-Campuzano*, 519 F. App'x 219, 225 (5th Cir. 2013). In the absence of such a showing, the forum court presumes that the outcome would be no different under the foreign state's law and applies the law of the forum state. *See Flagship Credit Corp. v. Indian Harbor Ins. Co.*, 481 F. App'x 907, 910 (5th Cir. 2012) ("The party asserting a conflict with Texas substantive law must demonstrate the existence of a true conflict. Absent such a demonstration, Texas law applies."). As such, the Court will first determine whether there is a conflict between New York and Texas law. If there is a conflict, the Court will then assess which state's law applies.

**1. Is there a conflict of laws?**

As the party advocating for the application of a foreign state's law, Defendant bears the burden of establishing that those laws differ from those of Texas with respect to the causes of action at issue. *See Playboy Enters., Inc.*, 519 F. App'x at 225. Defendant argues that there is a conflict between Texas and New York substantive law regarding Plaintiffs' first, third, fourth, and fifth causes of action (Dkt. #7 at pp. 19–23). The Court disagrees. Instead, the Court finds that there is a conflict between New York and Texas substantive law with respect to only Plaintiffs' third, fourth,

and fifth causes of action. Regarding Plaintiffs' first cause of action for declaratory judgment, there is no relevant conflict between the substantive laws of Texas and New York. It is well-settled that, federal law, not state law, governs declaratory judgments in federal courts. *See, e.g.*, *Vera v. Bank of Am., N.A.*, 569 F. App'x 349, 352 (5th Cir. 2014) ("[T]he [Texas Declaratory Judgment Act] is a procedural, and not a substantive, provision and therefore does not apply to actions in federal court."); *Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 409 (5th Cir. 2006) ("Under *Erie*, federal courts apply state substantive law to any issue or claim which has its source in state law. Yet, federal law, rather than state law, invariably governs procedural matters in federal courts." (citation modified)); *Wells Fargo Bank, N.A. v. Am. Gen. Life Ins. Co.*, 670 F. Supp. 2d 555, 565 (N.D. Tex. 2009) ("Instead, under the Erie doctrine, federal courts apply federal procedural law, including the federal Declaratory Judgment Act.").

Unlike Plaintiffs' first cause of action, Plaintiffs' third, fourth, and fifth causes of action present a conflict between New York and Texas substantive law. In their third cause of action, Plaintiffs allege breach of the implied duty of good faith (Dkt. #1 at ¶¶ 39–42). A conflict exists between the two state's laws on this issue because New York law does not recognize a separate cause of action for breach of the covenant of good faith and fair dealing, but Texas law recognizes a duty of good faith and fair dealing in the insurance context. *Compare Atwal v. NortonLifeLock, Inc.*, No. 20-CV-449S, 2022 WL 327471, at *9 (W.D.N.Y. Feb. 3, 2022) ("New York law, however, does not recognize a distinct tort for breach of the duty of good faith and fair dealing. Instead, breach of this duty is a source of consequential damages beyond the term of an insurance policy." (citation modified)), *with Wright v. ASI Lloyds*, No. 23-40719, 2025 WL 1588832, at *4 (5th Cir. June 5, 2025) ("Texas law recognizes a duty of good faith and fair dealing in the insurance context." (citing

*Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987)). Plaintiffs' fourth and fifth causes of action allege violations of Chapter 541 and 542 of the Texas Insurance Code (Dkt. #1 at ¶¶ 43–52). There is a conflict here because these causes of action arise under Texas statutory law which New York does not recognize. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state."); *Great Lakes Reinsurance (UK) PLC v. Tico Time Marine LLC*, No. 4:10-CV-2060, 2011 WL 1044154, at *4 (S.D. Tex. Mar. 16, 2011) ("The court therefore holds that the alleged violations of the Texas Insurance Code are subject to the substantive laws of New York. Since New York does not recognize Texas statues, the claims must be dismissed.").

Because there are conflicts between Texas and New York law with respect to at least some of Plaintiffs' substantive claims—i.e., Plaintiffs' third, fourth, and fifth causes of action—the Court must engage in a choice of law analysis to decide which state's law applies.

**2. Which state's law applies?**

As mentioned above, in diversity actions such as this one, federal courts must apply the choice of law rules in the forum state in which it sits. *Barnett*, 831 F.3d at 301–02; *Weber*, 811 F.3d at 770–71. Because this Court sits in Texas, it applies Texas choice-of-law rules. Texas applies the "most significant relationship test" set forth in the Restatement (Second) of Conflicts of Laws for all choice of law cases except contracts cases in which the parties have agreed to a valid choice of law clause or where there is a statutory directive. *Mayo*, 354 F.3d at 403. "In Texas, contractual choice-of-law provisions are typically enforced." *Smith v. EMC Corp.*, 393 F.3d 590, 597 (5th Cir. 2004). The Fifth Circuit, however, has observed that "although Texas courts permit choice-of-law agreements and the default position is that they are enforceable, it is not uncommon for a party to overcome them." *Cardoni v. Prosperity Bank*, 805 F.3d 573, 581 (5th Cir. 2015) (collecting cases).

"To render a choice-of-law provision unenforceable, a party must satisfy the standards in Section 187(2) of the Restatement (Second) of Conflicts of Laws." *Id.* Section 187(2) provides:

> (2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied . . . unless either
>
> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
>
> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 187(2).

Two points are readily apparent here. The first is that the parties specified New York law as applicable to later disputes that might arise under the Policies (Dkt. #7-1 at pp. 25, 53; Dkt. #7-2 at pp. 27, 54). The pertinent question then is whether the parties' conscious, objective choice should be displaced. The second is that Section 187(2)(a) plainly does not apply to this case. Underwriters, a citizen of the United Kingdom or other foreign jurisdiction, maintains its agent for service of process in New York (*See* Dkt. #1 at ¶ 4; Dkt. #7-1 at p. 25; Dkt. #7-2 at p. 27). New York therefore has a substantial relationship to the parties, providing a reasonable basis for the parties' choice to apply New York law under the Policies. *See Great Lakes Reinsurance (UK) PLC v. Durham Auctions, Inc.*, 585 F.3d 236, 244 (5th Cir. 2009) ("We hold that [defendant] has not carried its burden of showing that application of New York law, as provided in the policy, would be unreasonable or unjust. There is no showing that the fact that [plaintiff], a United Kingdom entity whose most substantial relationship in the United States is with New York, where it maintains its agent for service of process (as reflected in the policy) and its United States Trust Fund account, does not constitute a reasonable basis for the choice of New York law to govern its marine insurance

policy [dispute] . . . ."); *see also Crawford Pro. Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249, 258 (5th Cir. 2014) ("The first exception to the application of the state's law selected by contract is a *lax* one. When the state of the chosen law has *some* substantial relationship to the parties or the contract, the parties will be held to have had a reasonable basis for their choice." (citation modified)). The controlling inquiry will thus turn on Section 187(2)(b). Plaintiffs offer no arguments as to why the application of New York law to this dispute would contravene a fundamental public policy of Texas (*See generally* Dkt. #10). Even if the Court construes Plaintiffs' argument regarding Article 21.42 of the Texas Insurance Code as an argument that the application of New York law here would violate a fundamental public policy of Texas, it would fail. Indeed, another court in this circuit recently addressed this same argument and soundly rejected it. *See Eads v. Spheric Assurance Co., Ltd.*, No. CV-H-22-4021, 2023 WL 417477, at *3 (S.D. Tex. Jan. 25, 2023) (holding that "Article 21.42 of the Texas Insurance Code is not a basis for the court to reject the parties' selection of British Virgin Islands law to govern the [p]olicy or to refuse to enforce the forum-selection clause," explaining that "the Texas Supreme Court has made clear that article 21.42 and similar provisions of Texas law are not expressions of public policy sufficient to defeat a valid forum-selection and choice-of-law clause."), *aff'd*, No. 23-20066, 2023 WL 8613609 (5th Cir. Dec. 13, 2023).

Based on the foregoing, the Court finds that New York law applies to Plaintiffs' third, fourth, and fifth causes of action because Plaintiffs' have failed to show that the contractual

choice-of-law provision in the Policies is invalid or unenforceable.[2] *See Hall CA-NV, L.L.C. v. Old Republic Nat'l Title Ins. Co.*, 990 F.3d 933, 937 n.3 (5th Cir. 2021) ("[A]bsent extraordinary circumstances, Texas will enforce a choice-of-law clause." (citation modified)).

**B. Application**

Having determined which state's law applies to each of Plaintiffs' causes of action at issue, the Court now turns to the sufficiency of these causes of action. As mentioned above, Defendant argues that Plaintiffs' first, third, fourth, and fifth causes of action should be dismissed pursuant to Federal Rule Civil Procedure 12(b)(6). The Court will address each cause of action in turn.

**1. Plaintiffs' First Cause of Action: Declaratory Relief**

Plaintiffs' request for declaratory judgment is made pursuant to the Texas Declaratory Judgment Act ("TDJA"), Chapter 37 of the Texas Civil Practice & Remedies Code; Federal Rule of Civil Procedure 57; and the Federal Declaratory Judgment Act ("FDJA"), 28 U.S.C. § 2201 (Dkt. #1 at ¶ 28). Defendant argues that Plaintiffs' declaratory judgment claim should be dismissed under New York law because it is duplicative of the breach of contract claims (Dkt. #7 at pp. 20–21). Plaintiffs argue in response that they are entitled to bring both breach of contract claims and claims

[2] The Court finds that the choice-of-law of provision in the Policies is broad enough to encompass all of Plaintiffs' claims to which it applies. It is well-settled that a choice of law provision that uses broad language may encompass any claim arising from or related to the agreement, even if those claims are only loosely related to the contract itself. *See, e.g.*, *Ron Hoover Companies, Inc. v. Yamaha Motor Corp., USA*, No. 2:18-CV-205, 2020 WL 11035919, at *8 (S.D. Tex. Jan. 9, 2020) ("When contractual choice-of-law provisions are sufficiently broad, such provisions may cover tort as well as contract claims."); *Maynard v. PayPal, Inc.*, No. 3:18-CV-0259-D, 2019 WL 3552432, at *5 (N.D. Tex. Aug. 5, 2019) ("[T]he choice of law provision in the user agreement is a broad one that applies to both tort and contract claims. The wording of a contractual choice of law provision controls the types of claims it governs."). Here, the Policies choice of law provision is broad and covers "[a]ny dispute involving this Policy" (Dkt. #7-1 at p. 52; Dkt. #7-2 at p. 54). This is precisely the sort of broadly worded choice of law provision that has been found to cover all claims between the parties. *See El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 986, 989 (S.D. Tex. 2004) (finding that Mexican law applies to all of plaintiff's claims where agreement provided that Mexican law governs "[a]ll disputes which may arise in connection with the performance of this Agreement which cannot be resolved by means of negotiation[.]"). Accordingly, the Court concludes that the Policies' choice of law provision is applicable to Plaintiffs' third, fourth, and fifth causes of action asserted in this litigation.

for declaratory judgment regardless of whether New York or Texas law applies (Dkt. #10 at pp. 19–21). The Court disagrees with both parties.

The Court finds that Plaintiffs' claim for declaratory judgment under the TDJA should be dismissed, but that Plaintiffs' claim for declaratory judgment under the FDJA should survive at this stage. As an initial matter, the Court notes that Plaintiffs' claim for declaratory judgment under the TDJA cannot survive because the TDJA is a procedural statute that does not apply in federal court. *See Vera*, 569 F. App'x at 352 (explaining that declaratory judgment claims made in federal court are regulated by the Federal Declaratory Judgment Act and not the Texas Declaratory Judgments Act); *Camacho*, 445 F.3d at 409 ("[The Texas Declaratory Judgment Act] is a procedural statute that does not apply in federal court."). Instead, the Court construes Plaintiffs' request for declaratory judgment as only asserting a claim under the FDJA. *See T.M. Hous. Constr., Inc. v. City of Quinlan*, No. 3:19-CV-00662-X, 2020 WL 887712, at *3 (N.D. Tex. Feb. 24, 2020) ("Because the Texas Declaratory Judgments Act does not apply in federal court, the Court construes this claim as being made under the federal Declaratory Judgment Act." (citing *Vera*, 569 F. App'x at 352)). As such, the sole question is whether the Court should dismiss Plaintiffs' claim for declaratory judgment under the FDJA. It should not. "In a declaratory judgment action, the parties litigate the underlying claim, and the declaratory judgment is merely a form of relief that the court may grant." *Val-Com Acquisitions Tr. v. CitiMortgage, Inc.*, 421 F. App'x 398, 400–01 (5th Cir. 2011); *see also Braidwood Mgmt., Inc. v. Equal Emp. Opportunity Comm'n*, 70 F.4th 914, 932 (5th Cir. 2023) ("Nor does the Declaratory Judgment Act provide an independent cause of action. Still, plaintiffs can bring the underlying claims. The Declaratory Judgment Act is remedial. If plaintiffs have a 'case or controversy' within the jurisdiction of the court, then the remedy the act provides

is available" (citation modified)). Put differently, a claim for declaratory judgment requires a substantive legal claim to adjudicate: if all of Plaintiffs' substantive causes of action are dismissed, then there is no underlying claim for the Court to adjudicate and the declaratory judgment claims should be dismissed as well. *See Wallace v. U.S. Bank, N.A.*, No. 4:17-CV-437, 2018 WL 1224508, at *2 (E.D. Tex. Mar. 9, 2018) ("Where all the substantive, underlying claims are subject to dismissal, a claim for declaratory relief cannot survive."). Because at least one of Plaintiffs' substantive claims remains pending—i.e., Plaintiffs' cause of action for breach of contract—the Court finds that Defendant's motion to dismiss is denied as to Plaintiffs' claims for declaratory judgment under the FDJA. *See Menedez v. Hunter Douglas, Inc.*, No. 4:21-CV-451, 2022 WL 812352, at *8 (E.D. Tex. Mar. 16, 2022) (finding that "dismissal of [plaintiff]'s request for declaratory relief is not warranted" because "the Court has already determined that [plaintiff] has stated a plausible [underlying cause of action] for violation of Section 12.002 . . . .").

**2. Plaintiffs' Third Cause of Action: Breach of the Duty of Good Faith and Fair Dealing**

Defendant argues that Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing must be dismissed under New York law because it is also duplicative of their breach of contract claim (Dkt. #7 at pp. 21–23). The Court agrees that Plaintiffs' claim for breach of the implied duty of good faith and fair dealing should be dismissed. Under New York law, "a breach of the implied duty of good faith and fair dealing is considered a breach of the underlying contract." *Keystone Food Holdings Ltd. v. Tyson Foods, Inc.*, 492 F. Supp. 3d 134, 153 (S.D.N.Y. 2020); *see also ARI and Co., Inc. v. Regent Intern. Corp.*, 273 F. Supp. 2d 518, 521 (S.D.N.Y. 2003) ("It is axiomatic that implicit in all contracts is a covenant of good faith and fair dealing in the course of contract performance."). "Therefore, a breach of the implied covenant of good faith and fair dealing does

not usually provide an independent cause of action. But, while not an independent cause of action, a breach of the implied covenant may justify the recovery of consequential damages in addition to the loss insured by the policy at issue." *1555 Jefferson Rd. LLC v. Travelers Prop. Cas. Co. of Am.*, 733 F. Supp. 3d 164, 168 (W.D.N.Y. 2024) (citation modified). Accordingly, the Court finds that Plaintiffs have failed to state a distinct claim for breach of the implied duty of good faith a fair dealing, and the third cause of action therefore is dismissed. *See MBIA Ins. Corp. v. Patriarch Partners VIII, LLC*, 842 F. Supp. 2d 682, 702 (S.D.N.Y. 2012) ("[B]ecause New York law does not recognize a cause of action for breach of an implied covenant independent of a claim for breach of the underlying contract, [plaintiff]'s claim alleging breach of the implied covenant of good faith and fair dealing is dismissed."). Notwithstanding the foregoing, Plaintiffs may still be entitled to consequential damages on their breach of contract claim, beyond the limits of the Polices, based on a breach of this implied covenant. *See Sikarevich Farm. L.P. v. Nationwide Mut. Ins. Co.*, 30 F. Supp. 3d 166, 172 (E.D.N.Y. 2014) ("Although plaintiff's claim for breach of the implied covenant of good faith and fair dealing cannot stand . . . plaintiff may be entitled to consequential damages on its breach of contract claim, beyond the limits of its [p]olicy, based on bad faith.").

### 3. Plaintiffs' Fourth and Fifth Cause of Action: Violations of Chapter 541 and 542 of the Texas Insurance Code

Defendant argues that Plaintiffs' claim for violations of Chapter 541 and 542 of the Texas Insurance Code should be dismissed under New York Law because New York does not have a private statutory cause of action similar to those in the Texas Insurance Code (Dkt. #7 at pp. 19–20). The Court agrees. As mentioned above, the Court has already concluded that the Policies choice-of-law provisions are broad enough to encompass Plaintiffs' claims for violations of the Texas Insurance Code. *See supra* note 2. Because New York substantive law governs, Plaintiffs'

claims for the alleged violations of the Texas Insurance Code must be dismissed as New York does not recognize Texas statutes. *See Great Lakes Reinsurance (UK) PLC*, 2011 WL 1044154, at *4 ("Thus, the Court believes that New York courts would hold that these [Texas Insurance Code] claims 'arose under' the agreement and that the choice-of-law provision is broad enough to encompass these claims. The court therefore holds that the alleged violations of the Texas Insurance Code are subject to the substantive laws of New York. Since New York does not recognize Texas statutes, the claims must be dismissed.").

## CONCLUSION

It is therefore **ORDERED** that Defendant Certain Underwriters at Lloyd's of London, Subscribing to Policy No. B0702GL314250's Rule 12(b)(6) Motion to Dismiss (Dkt. #7) is hereby **GRANTED in part** and **DENIED in part**.

It is further **ORDERED** that Plaintiffs' first cause of action for declaratory judgment under the Texas Declaratory Judgment Act, Chapter 37 of the Texas Civil Practices and Remedies Code is hereby **DISMISSED**. However, as discussed above, Plaintiffs' claim for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, shall survive.

It is further **ORDERED** that Plaintiffs' third cause of action for breach of the duty of good faith and fair dealing is hereby **DISMISSED**. However, as discussed above, Plaintiffs may still be entitled to consequential damages on their breach of contract claim, beyond the limits of the Polices, based on a breach of this implied covenant.

It is further **ORDERED** that Plaintiffs' fourth cause of action for violations of Chapter 541 of the Texas Insurance Code is hereby **DISMISSED**.

It is further **ORDERED** that Plaintiffs' fifth cause of action for violations of Chapter 542 of the Texas Insurance Code is hereby **DISMISSED**.

**IT IS SO ORDERED.**

**SIGNED this 16th day of September, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE